IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY FRANKLIN,

    Plaintiff,

vs.                            No._____

THE UNITED STATES OF AMERICA,

    Defendant.

## COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR DAMAGES CAUSED BY NEGLIGENCE

Plaintiff, Betty Franklin, makes the following averments for her complaint in this matter:

1. Plaintiff brings this civil action for monetary damages arising from the negligence of personnel at the Northern Navajo Medical Center ("NNMC") located in Shiprock, New Mexico, a facility operated by the United States and the Indian Health Service.

## FEDERAL COURT JURISDICTION UNDER THE FEDERAL TORT CLAIMS ACT

2. Plaintiff's claims in this action are authorized by and are brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671 et seq., and also pursuant to 28 U.S.C. §1331. The FTCA vests the court with exclusive jurisdiction over plaintiff's claims against the United States for the negligent acts and omissions of its "employees," which include employees of the Indian Health Service and the Northern Navajo Medical Center ("NNMC").

1

3. At all material times, defendant United States owned and operated the NNMC.

4. NNMC is administered by the U.S. Department of Health and Human Services through the Indian Health Service. The facility provides medical care for Native Americans pursuant to various federal statutes. NNMC is located in Shiprock, New Mexico, within the exterior boundaries of the Navajo Nation, a federally recognized Indian Tribe.

5. At all times material, defendant United States, acting through the Indian Health Service, held itself out to have the capability to provide medical care for the plaintiff, on its premises, including the capability to perform gynecological surgery meeting the applicable standard of care.

6. The plaintiff filed with the Department of Health and Human Services a timely administrative claim for money damages under the FTCA (Exhibit 1). That claim was denied by the United States. Plaintiff has now exhausted her administrative remedies as required by the FTCA. Plaintiff is authorized by law to file this action at this time against the United States.

## PLAINTIFF

7. Plaintiff, Betty Franklin, is a tribal member of the Navajo Nation. At all times material hereto, she resided near Lukachukai, Arizona.

8. Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

9. On August 19, 2010, plaintiff had a well woman examination at NNMC. She reported vaginal bleeding for approximately 2 months despite being post-menopausal.

10. Given Ms. Franklin's symptoms, Dr. Kathleen J. Wilder performed an endometrial biopsy, on August 19, 2010.

11 The pathology report of August 19, 2010, confirmed a diagnosis of high grade squamous dysplasia.

12. Ms. Franklin underwent a loop electrosurgical excision procedure (LEEP), performed by Dr. Wilder, on September 28, 2010.

13. The pathology report of September 29, 2010, confirmed a diagnosis of squamous epithelium most consistent with squamous cell carcinoma in situ.

14. Dr. Wilder recommended that Ms. Franklin undergo a total abdominal hysterectomy ("TAH") and bilateral salpingo-oophorectomy ("BSO"). Ms. Franklin was admitted to the NNMC on October 14, 2010, and underwent this procedure the same day. The procedure was performed by Dr. Wilder.

15. Ms. Franklin's post-operative course in the hospital was uneventful. She was discharged from NNMC on October 17, 2010.

16. On October 19, 2010, Ms. Franklin had her first post-op visit with Dr. Wilder. She had her staples removed and she reported post-op pain. She was instructed to return in approximately one month.

17. On October 22, 2010, Ms. Franklin was contacted and asked to come to the clinic to see Dr. Wilder as soon as possible. She was scheduled for a return visit on October 25, 2010.

18. In the interim, Ms. Franklin went to the Gallup Indian Medical Center on October 21, 2010, complaining of left lower back pain. She was treated for a urinary tract infection and discharged.

19. During the October 25, 2010, visit with Dr. Wilder, Ms. Franklin was told that she had invasive cervical cancer. During this visit, Ms. Franklin reported her new left lower back pain that had started approximately 1 week prior to this visit.

20. During the October 25, 2010, visit with Dr. Wilder, Ms. Franklin was "uncomfortable and mildly toxic appearing."

21. During the visit of October 25, 2010, Dr. Wilder was concerned about an "obstruction related to surgery."

22. On October 25, 2010, a CT scan of Ms. Franklin's abdomen at NNMC indicated, among other findings, a "moderate left hydronephrosis and hydroureter with associated perinephric stranding and enlargement of the left kidney."

23. Dr. Wilder referred Ms. Franklin to oncology at the University of New Mexico Hospital ("UNMH").

24. On October 26, 2010, Ms. Franklin was admitted to UNMH in part for evaluation and treatment of her left-sided hydronephrosis. The suspicion was hydronephrosis secondary to ureteral obstruction.

25. On October 26, 2010, a urology consult was sought. Consideration was given to placement of a percutaneous nephrostomy tube with antegrade studies vs. possible stenting.

26. On October 26, 2010, Ms. Franklin had an abnormal creatinine level of 1.21.

27. Ligation of the left ureter during the hysterectomy was confirmed during a cystourethroscopy, left retrograde pyelogram, and left ureteroscopy on October 29, 2010.

28. On October 29, 2010, a nephrocystogram and distal uretergram on the left was performed. This study also confirmed hydronephrosis and ligation of the left ureter. A nephroureteral catheter was inserted into the distal ureter. The catheter would have to be connected to an external drainage bag and maintained at all times.

29. Ms. Franklin was discharged from UNMH on November 1, 2010. She was instructed in how to care for her nephrostomy tube and how to empty the urine from the bag – all the while undergoing treatment for her cancer.

30. After her discharge from UNMH, Ms. Franklin's nephrostomy tube had to be exchanged on January 28, 2011, and again on April 19, 2011.

31. In July, 2011, Ms. Franklin's left kidney became necrotic due to chronic inflammation. On July 20, 2011, Ms. Franklin's left kidney was removed.

## COUNT I: NEGLIGENCE

32. Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of this count.

33. The United States is legally responsible for the negligent tortuious actions of its employees, including employees of NNMC, while those employees are performing job duties for, or in furtherance of, the interests of the employer.

34. Dr. Kathleen J. Wilder was an employee of the Indian Health Service at the time of Ms. Franklin's TAH and BSO surgery at NNMC on October 14, 2010.

35. Dr. Wilder was on the job performing job-related duties for NNMC at the time Ms. Franklin sustained injury to her left ureter.

36. The United States is liable for any negligent acts and omissions of Dr. Wilder and other NNMC staff in their handling of Ms. Franklin's care while she was a patient at NNMC, both during and after her surgery.

37. Dr. Wilder had a duty to exercise reasonable care and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of the medical profession.

38. Dr. Wilder breached the duty of care owed to Ms. Franklin and is guilty of the following negligent actions and omissions by failing to measure up to the standards of reasonable care, skill, and practice required of members of their profession, to wit:

    a) during total abdominal hysterectomy and bilateral salpingo-oophorectomy surgery, ligating and damaging the left ureter;

    b) failing during surgery and post-op, and in the days subsequent to the surgery, to identify and repair the ligated left ureter;

    c) negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine while performing surgery, and in further particulars at this time unknown to plaintiff as to the

specific facts, but which are verily believed and hereby alleged will be disclosed during discovery in the course of the litigation.

39. The negligent actions and omissions of employees of the United States in failing safely and properly to provide Ms. Franklin with surgical and medical care at NNMC on October 14-25, 2010, were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of New Mexico, the place where the incident occurred, if the United States were a private individual guilty of the same negligence.

40. At all times material hereto, Ms. Franklin was a patient of the Indian Health Service, an agency of the United States Department of Health & Human Services, and was in the care and custody of NNMC, dependent upon the government and the hospital staff for her medical care.

41. Defendant United States, acting through its employees, negligently failed to provide appropriate and safe medical care for Ms. Franklin.

42. As a direct and proximate result of the negligence of defendant United States and its employees, Ms. Franklin suffered serious injury.

43. Under the FTCA and the law of the place of the wrong, plaintiff is entitled to damages for her losses, both special and general, including medical expense, loss of earning capacity, non-medical expense incidental to her injuries, emotional distress and suffering, physical pain, a loss of enjoyment of life, loss of household services, and future damages caused by the negligence of the United States. Defendant United States is liable to plaintiff for her losses and she hereby claims a right to recover all

allowable damages recognized by New Mexico law, whether specifically mentioned herein or not.

**WHEREFORE,** plaintiff prays that the court enter judgment for her, and she be awarded compensatory damages for all losses allowed by law, for an award of allowable costs, and such other relief as the court adjuges proper under the laws that govern this case.

>BARBER & BORG, LLC
>P.O. Box 30745
>Albuquerque, NM 87190-0745
>3816 Carlisle Blvd, NE Suite C (87107)
>(505) 884-0004
>(505) 884-0077 (fax)
>Email: scott@barberborg.com
>
>By_____/s/ Scott E. Borg, Esq_____.
>ATTORNEYS FOR PLAINTIFF