IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY FRANKLIN,

       Plaintiffs,

vs.

                                      No. 1:12-cv-001167 KBM/LFG

THE UNITED STATES OF AMERICA

       Defendant.

**MOTION FOR EXTENSION OF DEADLINES AND**
**REQUEST FOR EXPEDITED HEARING OR STATUS CONFERENCE**

The United States of America moves the Court for an extension of specific deadlines set forth in the Court's Scheduling Order, Doc. 23, specifically the deadlines for disclosure of Defendant's expert witnesses until October 30, 2013, and to take the deposition of Plaintiff and her experts until October 15, 2013.  The United States further requests the Court to hear the issues raised in this motion at its earliest convenience, as the Government's expert disclosure deadline is currently August 30, 2013.  As grounds therefore, the Government states:

1.      The current deadline for the close of discovery is October 1, 2013.  Doc. 23.

2.      On July 12, 2013, the Government asked Plaintiff for dates for the deposition of Plaintiff in the first couple of weeks of August.  See Exhibit A.

3.      Plaintiff did not respond.

4.      On July 19, 2013, the Government again asked Plaintiff for dates for the deposition of Plaintiff.  Exhibit B.

5.      Plaintiff's counsel responded stating, "We are trying to get dates from the client. Right now it looks like July 30, 31, and the afternoon of August 2."  Exhibit C.

6.      Plaintiff did not respond with dates that the Plaintiff was available for her deposition.  By e-mail dated July 25, 2013, the Government again asked for dates for Ms. Franklin's deposition.  Exhibit D.

7.      On July 29, 2013, Plaintiff responded that counsel is unavailable during most of August and is "trying to reach Ms. Franklin to get her availability."  Exhibit E.  Plaintiff provided dates in September that *Plaintiff's counsel* was available.  Plaintiff's counsel mistakenly stated that he had already provided dates in early and late August for the deposition of Plaintiff. However, the only dates provided were dates Plaintiff's counsel said *he* was available as set forth in Paragraph 5 herein, but he specifically stated that he was contacting his client to see when *Plaintiff* was available.  Exhibit C.

8.      The same day, the Government responded to Plaintiff's mis-statement about Plaintiff having already provided dates for Plaintiff's deposition.  The Government asked whether it should set the deposition of Plaintiff on one of the dates that Plaintiff's counsel was available or wait to learn of Plaintiff's availability.  Exhibit F.

9.      Plaintiff did not respond.

10.     The government received Plaintiff's expert reports on or about July 31, 2013.

11.     On August 6, 2013, the Government asked for dates for the depositions of Plaintiff's experts and for Plaintiff.  Exhibit G.  The Government reminded Plaintiff that the Government needed to take the depositions before the end of August since the Government's expert witness disclosure was due on August 30, 2013.  *Id.*

12.     On August 7, 2013, Plaintiff's counsel again provided dates in August that he was available for Plaintiff's deposition, but again said that he had to contact his client regarding her availability.  Exhibit H.

13.     Plaintiff could not make her experts available by the end of August.  *Id.*

14.     The Government scheduled the deposition of Plaintiff on August 21, 2013—one of the dates that Plaintiff's counsel said he was available.  This time the Government did not wait to hear whether Plaintiff herself was available since the Government had been waiting for several weeks to get such dates from Plaintiff.

15.     On August 8, 2013, the Government again requested dates for the depositions of Plaintiff's experts.  Exhibit I.  Plaintiff provided dates for the deposition of one of her experts, but not the other.  *Id.*  As of the date of this motion, Plaintiff has not provided a date for the deposition of one of her experts.

16.     On August 21, 2013, Plaintiff appeared for her deposition with her daughter. Plaintiff asked if she could have her daughter translate in Navajo for her.  This was the first time that Plaintiff alerted the Government that Plaintiff was not comfortable speaking English. Plaintiff's medical records indicate that she spoke English and did not need an interpreter. When the Government expressed concern that it would not be able to take Plaintiff's deposition without an interpreter, Plaintiff assured the government that she could understand English and wanted to go forward.  During Plaintiff's deposition, she was visibly upset and answered virtually all questions with "I don't know."  Finally, Plaintiff's daughter suggested that she needed an interpreter to provide accurate testimony.  The parties ceased the deposition

and the Government is waiting on Plaintiff to provide dates to resume her deposition with the assistance of a certified Navajo interpreter.

17.     The Government's expert disclosure deadline is currently August 30, 2013. Plaintiff has not made herself available for her deposition despite the Government repeatedly asking for dates for several weeks.  Plaintiff has not made either of her experts available for their depositions.  Under these circumstances, the Government is unable to provide meaningful expert reports by the current deadline.

18.     The undersigned is either travelling to or from a deposition, taking a deposition, or has a hearing or mediation with the Court every workday (and a couple of weekends) in September with the exception of two days.  Plaintiff waited until September to take the depositions of the surgeons who performed the subject surgery, both of which are out of state. Defendant is taking the deposition of the one expert Plaintiff has made available in September. Additionally, the undersigned has October 1 discovery deadlines in two other cases with depositions scheduled in September for each of those cases.  The undersigned would have significant difficulty adding to her schedule in September the Plaintiff's continued deposition and Plaintiff's other expert deposition.

19.     The Government does not believe the requested extensions would affect the current trial date.  The following are the remaining current Court deadlines:

| | |
|---|---|
| Defendant's expert disclosure: | August 30, 2013 |
| Rule 16 Settlement Conference: | September 23, 2013 at 9:00 a.m. |
| Discovery deadline: | October 1, 2013 |
| Motions related to discovery: | October 21, 2013 |

Pretrial Motions:                    October 31, 2013

Pretrial Report to Court:            December 30, 2013

Pretrial Conference:                 January 3, 2014 at 10:00 a.m.

Bench Trial:                         February 3, 2014

20.     The Government sought Plaintiff's concurrence on this motion, but has not received a response.  Because the Government's expert disclosure deadline is imminent, the Government requests the Court have an emergency hearing or status conference so the Government knows how it must proceed.

WHEREFORE, the United States request the Court to extend Defendant's deadline to disclose experts until October 31, 2013, and the deadline to take Plaintiff's and her experts' depositions until October 15, 2013.

Respectfully submitted,

STEVEN C. YARBROUGH
Acting United States Attorney

_Filed electronically 8/22/13_
Ruth Fuess Keegan
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
E-mail: ruth.f.keegan@usdoj.gov

I certify that on August 22, 2013, the individuals listed below were served via ECF

notification with the foregoing pleading:

Scott E. Borg
Attorney at Law
P.O. Box 30745
Albuquerque, New Mexico 87190

                                        /s/
                                    Ruth Fuess Keegan
                                    Assistant U.S. Attorney