IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY FRANKLIN,

       Plaintiff,

v.                                                                                              CIV 12-1167 KBM/LFG


UNITED STATES OF AMERICA,

       Defendant.

### ORDER DENYING PLAINTIFF'S APPEAL OF MAGISTRATE'S DECISION REVISING SCHEDULING ORDER AND REQUEST FOR EXPEDITED HEARING

THIS MATTER comes before the Court on Plaintiff's Appeal of Magistrate's Decision Revising Scheduling Order and Request for Expedited Hearing (*Doc. 72*), which was fully briefed on November 1, 2013.  Plaintiff's appeal, or what is essentially an objection to Judge Garcia's discovery order (*Doc. 66*), requests that this Court extend the period within which Plaintiff may depose and conduct discovery regarding Defendant's experts and "set the record straight concerning the facts."  The Court, having reviewed the submissions of the parties and being fully advised, finds that a hearing is not necessary, and Plaintiff's objections will be overruled.

First, there is a question as to whether Plaintiff's objections to Judge Garcia's order are timely.[1]  However, even assuming timeliness, Judge Garcia's decision with

---

[1] Rule 72 states:
> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. **A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.** The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

regard to extending Defendant's time to disclose experts is not clearly erroneous or contrary to law.

Plaintiff first objects to Judge Garcia allowing Defendant an extension of time to depose her expert witnesses.[2] It is well within Judge Garcia's discretion to extend discovery deadlines in order to promote just and effective case management. Further, Judge Garcia noted that in emails Plaintiff's counsel explains that it is his practice to wait until all expert reports are served for depositions to be taken (*Doc. 66* at 5). This is an insufficient reason for not agreeing to a reasonable extension of time.

Plaintiff further contends that Judge Garcia's characterization of emails from Plaintiff's counsel as "inappropriate and disrespectful" was unjustified and suggested personal animosity toward Plaintiff's counsel. Judge Garcia is in the best position to assess the tenor of communications between counsel and in no way appears to have any personal animosity toward Plaintiff's counsel. Indeed, Judge Garcia's comments came in the form of a footnote in which he reminds counsel of the relevant portions the Creed of Professionalism. This does not evidence personal animosity towards Plaintiff's counsel.

IT IS THEREFORE ORDERED that the objections made in Plaintiff's Appeal of Magistrate's Decision Revising Scheduling Order and Request for Expedited Hearing

---

Fed. R. Civ. P. 72 (a) (emphasis added). The Tenth Circuit has adopted a "firm waiver rule" providing that "the failure to make timely objections to the magistrate judge's findings or recommendations waives appellate review of both factual and legal questions." *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012). The order at issue was filed on August 27, 2013. Plaintiff's objection was filed more than 14 days following the order.

[2] Plaintiff initially sought an extension of time to depose Defendant's expert witnesses because Defendant was provided extra time to take Plaintiff's expert witness depositions. The United States did not oppose a reasonable extension of the discovery deadline to allow Plaintiff to depose their experts. However, Plaintiff now advises that she no longer desires to take the depositions of Defendant's experts (*Doc. 81* at 2) and, therefore, the point is moot.

(*Doc. 72*) are overruled and the relief sought therein is DENIED.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE