IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY FRANKLIN,

                         Plaintiff,

     vs.                                           CIVIL NO.  12-1167 KBM/CEG[1]

UNITED STATES OF AMERICA,

                         Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO STRIKE REPORTS**

THIS MATTER is before the Court on Defendant United States of America's ("USA")
Motion to Strike "Rebuttal" Expert Reports.  [Doc. 94.]  The Court considered the motion and
Plaintiff Betty Franklin's ("Franklin") response in opposition.  [Doc. 108.] The Court directed that
no reply be filed.  [Doc. 96.]  Oral argument is not necessary.  In accord with D.N.M.LR-Civ. 7.6(a),
this matter will be resolved based on the parties' submissions.  For the reasons hereafter stated,
the Court finds that USA's motion is well-taken and both supplemental reports will be stricken.

**Background**

In accord with its obligations under Fed. R. Civ. P. 16, the Court conducted a scheduling
conference and established a case management plan.  It subsequently entered a Scheduling Order.
[Doc. 23.]  In its order, the Court established a deadline of August 1, 2013, for Plaintiff to identify
experts and produce Rule 26 expert reports.  USA's deadline  to identify its experts and produce
reports was August 30, 2013.

---

[1]This case was mistakenly reassigned to Magistrate Judge Carmen E. Garza before the undersigned
Magistrate Judge issued rulings on the present motion and the motion to strike Plaintiff's expert [Doc. 97].
The undersigned Magistrate Judge issues this decision as agreed by both the presiding and referral judge.

Shortly before USA's expert disclosure deadline, USA sought a two-month extension to submit its expert reports. [Doc. 59.] The motion was opposed. After hearing argument by counsel, the Court granted the request, in part, allowing an extension until September 30, 2013, for USA's expert disclosures. [Doc. Nos. 66, 67.] The Court also extended the close of discovery by 15 days to provide time to depose the experts.

In accord with the Court's Scheduling Order, Franklin tendered two expert reports on August 1, 2013: liability expert, Dr. Robert Barry Domush, and causation expert, Dr. Robert W. Steiner. USA produced its expert reports on September 30, 2013: liability expert, Dr. Ronald R. Deyhle, and causation expert, Dr. Charles T. Spalding.

On November 7, 2013, several months after the deadline for Franklin's disclosure of experts and expert reports, 37 days after USA's disclosure of experts and production of experts reports, and nearly three weeks after the close of discovery, Franklin served two purported "rebuttal reports" from Dr. Domush and Dr. Steiner [Doc. 94, Exhs. E, F, G.]

USA contends these later reports should be stricken as they are untimely, do not constitute proper rebuttal reports, and are improper "supplemental reports." [Doc. 94 at 6-11.] USA further asserts that numerous new, previously undisclosed opinions appear in these supplemental reports. Moreover, the rebuttal reports were tendered without Court authorization after all applicable deadlines elapsed and after discovery closed, rendering USA unable to engage in discovery concerning these new, previously undisclosed opinions and the basis for the opinions.

Franklin states that the reports were timely because, in response to the budget crisis affecting federal agencies and the agency shutdowns, including operations of the United States Attorney, the Honorable M. Christina Armijo, Chief Judge for the United States District Court, entered an order on October 1, 2013 "extend[ing] all current deadlines commensurate with the duration of the lapse

2

in appropriations." [Doc. 108, Ex. 3.] According to Franklin, the stay was not lifted until October 15, 2013; thus, all deadlines were extended for 15 days. [Id.]

Franklin further contends, *inter alia*, that the reports are proper rebuttal reports recognized by the Federal Rules of Civil Procedure and that the opinions offered in these rebuttal reports are not new but incorporated in the earlier opinions offered by her experts. [Id. at 6-15.] Franklin asserts that the opinions in the rebuttal reports are consistent with the experts' earlier opinions.

## Analysis

In 1990, Congress enacted the Civil Justice Reform Act ("CJRA"), 28 U.S.C. § 471 *et seq.* This Act was intended to address problems of discovery abuse, escalating costs, and resulting delays in the final disposition of litigation.  In an effort to improve the just, speedy and economical disposition of cases in the federal courts, Congress significantly altered the legal landscape in civil litigation in the nation's courts.

In its mandate, Congress wanted to shift case management responsibilities from counsel to courts.  Congress intended for judges to oversee discovery to ensure there were no abuses, expedite the disposition of cases by establishing and enforcing case management plans, and consider the adoption of dispute resolution mechanisms as an alternative to the formal trial process.  Subsequent to the adoption of the CJRA, the Federal Rules of Civil Procedure were revised to work hand-in-glove with the CJRA.  Both the CJRA and the Rules' revisions sought to address dual problems of cost and delay.  In other words, rather than allowing the parties to manage cases on their own or to engage in carte blanche discovery, the CJRA and the revised rules of procedure required that judges oversee and strictly manage cases, establish deadlines and control the discovery of evidence.  *See* Advisory Committee Notes for 1993 Amendments to Rule 26(b) (changes were made to enable courts to keep tighter rein on extent of discovery).

3

Significant amendments to the Federal Rules of Civil Procedure in 1993 are found in Rule 26. Such changes addressed disclosure of expert testimony and production of expert reports. The expert witness disclosure and report production requirement is central to the current dispute. Rule 26(a)(2) specifically mandates disclosure of the identity of a party's expert, together with the disclosure of the expert's detailed report. The written report "shall contain" the following items:

1.      A complete statement of all opinions to be expressed and the basis and reasons for them;

2.      the data or other information considered by the witness in forming the opinion;

3.      any exhibit to be used as a summary of or support for the opinion;

4.      the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

5.      the compensation to be paid for the study and testimony; and

6.      a listing of any other case in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B)(i-vi).

These Rule 26 expert disclosures are intended to further the salutary purposes of the CJRA. Advance knowledge of an opponent's proof on a claim or defense is an invaluable aid in deciding whether to settle or litigate. If a party is better able to evaluate the strengths and weaknesses of a case, settlement is more likely. On the other hand, if the case is one that must be tried, advance knowledge of the opponent's evidence assists in preparing to meet the proofs at trial.

**<u>Present Motion</u>**

Franklin argues that the two expert rebuttal reports are intended to contradict and rebut defense evidence and defense experts.  Moreover, Franklin asserts that the rebuttal reports are timely and authorized by the Federal Rules of Civil Procedure.

**I.     *Supplemental or Follow-Up Reports:***

The Court first observes that Dr. Domush's initial expert report was relatively brief, consisting of 2½ pages. [Doc. 94-1.] Dr. Domush's second report is over 10 pages long. [Doc. 94-6.] Dr. Steiner's initial report consisted of 2 pages, and only 1 of the 2 pages actually set out opinions. His follow-up report, although 2 pages, is presented in a smaller type font.  The second report contains mostly opinion evidence in contrast to the first.  [Doc. Nos. 94-2, 94-9.]

A review of the substance of Dr. Domush's reports, for example, reveals that the follow-up report improperly seeks to strengthen, bolster, and expand the earlier report and opinions.  The supplemental report, instead of presenting rebuttal material, adds new and previously undisclosed opinions.  Dr. Domush initially opined there were several violations of the standard of care in the treatment of the plaintiff, and emphasized that had the treating doctor "realized her shortcomings and lack of experience," Franklin would not have suffered the "sequelae associated with this case." [Doc. 94-1 at 2.] In the supplemental report, Dr. Domush opined at length as to negligence pre-operatively, intra-operatively, and post-operatively. [Doc. 94-7.] Those opinions were not part of the first report.

Dr. Domush further offered a new opinion, among many, that there was a lack of informed consent for the surgery and that there were questions whether the surgery should have been undertaken at all.  In the initial report, Dr. Domush stated that referring Franklin to the University of New Mexico ("UNM") at various points in the care would have been most appropriate.  [Doc.

5

94-1 at 2.]  In the supplemental report, Dr. Domush opined that "very clearly," the plaintiff's medical condition required that she get care and treatment at the UNM Hospital.  These are just a few examples of extensive additional opinions given in the supplemental report.

This type of supplementation, when not authorized by the Court or when not used to correct earlier misinformation and errors, is not proper.  In essence, Plaintiff is bolstering and expanding the initial expert reports.

In RTC v. Gregory, No. CIV 94-52 (D.N.M. Dec. 13, 1995) [Doc. 184] (unpublished), Tenth Circuit Judge Paul J. Kelly, sitting by designation, rejected an argument by the RTC that it could file "supplements" intended to "deepen" and "strengthen" its own expert's earlier report.  Judge Kelly wrote:

> Fed. R. Civ. P. 26(a)(2)(B) requires that an expert witness report "contain a *complete* statement of all opinions to be expressed and the basis and the reasons therefor" to facilitate discovery.  Although Fed. R. Civ. P. 26(c) requires a party to "supplement or correct" disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report . . . from the outset.

(emphasis added).  *See* Coleman v. BNSF Ry. Co., 2008 WL 5622542, at *4 (D.N.M. Aug. 29, 2008) (unpublished) (discussing RTC reasoning and striking new expert opinions contained in a later report).

In Coleman, the District Court rejected counsel's argument that a second expert report was "merely an elaboration and explanation of the [first] opinion . . . ."  Coleman, 2008 WL 5622542 at *2, *4.  The Court further observed that while Rule 26 requires supplementation of expert reports in some instances, in that case, the expert was not "correcting earlier misinformation."  Id. at *4.  Rather, the expert was offering an "entirely new and previously undisclosed basis for the opinion."  Id.  To allow such "supplementation" would encourage a party to file an incomplete, preliminary

6

report and then file a comprehensive final report once discovery was closed and there was no opportunity for additional depositions. Id. That practice was impermissible.

The same is true here. Dr. Domush stated his first report was preliminary in nature and reserved "the right" to supplement his report. [Doc. 94-1 at 1.] Dr. Domush identified his second report as a "rebuttal report," but his characterization of the report is not determinative of whether it was a true rebuttal report. In other words, the Court concludes that Dr. Domush's supplemental report is not "intended solely to contradict or rebut evidence." Fed. R. Civ. P. 26(a)(2)(D)(iii). Rather, the supplemental report seeks to provide a whole new set of opinions and strengthen the "preliminary" report.

Dr. Steiner's reports are similar. He indicated in his first report that the records were entirely adequate for him to provide opinions. [Doc. 94-2.] Yet, he stated that his second report was intended to address in more detail some of the issues he discussed in the first report. In other words, again, the second report is not a true "rebuttal" report. It does not seek to correct misinformation. It is an attempt to strengthen the first report.

Preliminary and supplemental reports are not allowed. Rule 26(a)(2)(B)(i) requires that an expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them." By setting forth the "substance of the direct examination" in the expert report, such information allows the opposing party "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Henderson v. Nat'l R.R. Passenger Corp., 412 F. App'x 74, 80-81 (10th Cir. Jan. 5, 2011) (unpublished) (citations omitted). See Anderson v. Seven Falls Co., 2013 WL 3771300, at *5 (D. Colo. July 18, 2013) (unpublished) ("expert witness discovery rules are designed to aid the court in its fact-finding

mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case") (citation omitted).

Allowing this type of supplementation circumvents the full disclosure requirement implicit in Rule 26 and would significantly interfere with the Court's ability to set and enforce case management deadlines. New and strengthened expert reports, as occurred here, would be filed outside the case management deadlines with no opportunity for discovery. Permitting these supplemental reports would require reopening discovery for Franklin's supplemental opinions, and then allowing additional time for USA to supplement its own reports to rebut Franklin's new supplements.

In fairness, the Court would have to add more time for Franklin take depositions of USA's expert on the supplemental report. This would result in no finality because new reports and opinions would warrant further consultation with one's own experts and require new rounds of depositions. This entire process would hinder rather than facilitate the resolution of the case.

The Court concludes that the supplemental reports offered by Dr. Domush and Dr. Steiner are improper and not rebuttal reports. The evidence presented in the supplemental expert reports is not "intended solely to contradict or rebut evidence on the same subject matter . . . ." Fed. R. Civ. P. 26(a)(2)(D)(ii). Counsel did not request or obtain permission to submit supplemental expert reports. Accordingly, the Court strikes the supplemental reports of Dr. Domush and Dr. Steiner.

## II.    *Timeliness of Supplemental Reports:*

The Court issued an order setting deadlines for the submission of expert reports. It did not provide a deadline to submit follow-up, supplemental, or rebuttal reports, nor did the Court contemplate the use of such reports.

8

Moreover, even if the supplemental expert reports could be considered rebuttal reports, they are untimely.  Rule 26(a)(2)(D)(ii) provides that "[a]bsent a stipulation or a court order," a rebuttal order must be disclosed within 30 days after the other party's disclosure.  Here, Franklin disclosed her supplemental expert reports approximately 37 days after USA produced its expert reports.  Thus, even if considered rebuttal reports, they are untimely under Rule 26(a).

The Court acknowledges Franklin's position that all deadlines were extended by 15 days in accordance with Chief Judge Armijo's Temporary Administrative Order.  However, the Court disagrees, under these circumstances, that the Temporary Administrative Order extended the case management deadlines in this case.  Moreover, Franklin had ample time to clarify any confusion over this question by requesting an appropriate extension of time but failed to do so.  Had Franklin sought to extend the 30-day deadline for purposes of submitting a rebuttal expert report, the Court could have ruled on the impermissibility of the proposed supplemental reports.

Thus, the Court concludes that even if considered rebuttal reports, the supplemental reports of Dr. Domush and Dr. Steiner are untimely.

## Conclusion

The Court will strike the supplemental reports of Dr. Domush and Dr. Steiner.  These experts may testify to matters contained in their original reports, but they may not offer new opinions at the time of trial unless those opinions were contained in their original reports.

IT IS THEREFORE ORDERED that the USA's Motion to Strike "Rebuttal" Expert Reports [Doc. 94] is GRANTED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge