IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY FRANKLIN,

    Plaintiff,

v.                                                      CIV 12-1167 KBM/CEG

UNITED STATES OF AMERICA,

    Defendant.

## ORDER AFFIRMING MAGISTRATE JUDGE'S RULING

THIS MATTER is before the Court on Plaintiff's appeal of a magistrate's discovery ruling *(Doc. 124)* and on Plaintiff's motion to strike Charles T. Spalding, M.D., Ph.D., as an expert witness for the defense and to exclude him from testifying at trial *(Doc. 91).* Having reviewed the motions, briefs and exhibits submitted by the parties, I find both requests for relief to be without merit.

Rule 72(a) of the Federal Rules of Civil Procedure provides that the Court shall consider objections made by the parties to a magistrate judge's ruling on a non-dispositive matter and "shall modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the district court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation omitted).

As to the appeal, Plaintiff concedes that her expert, Dr. Domush, failed to identify one of the cases in which he had testified during the past four years.  Although the Government sought exclusion of the expert's testimony, Judge Garcia instead "require[d] complete disclosure" for that time period including "the name of the case, the name of the court where the testimony occurred, the case number, and whether the testimony was given at a deposition or trial or both."  *Doc. 120* at 3.  Plaintiff complains that this requirement is "arbitrary and needlessly punitive."  *Doc.* 124 at 4.

To the contrary, "case law establishes that the list of cases in which the witness has testified should at a minimum include the name of the court or administrative agency where the testimony occurred, the names of the parties, the case number, and whether the testimony was given at a deposition or trial."  *Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y.,1999) (*citing Hilt v. SFC Inc.*, 170 F.R.D. 182, 185 (D.Kan.1997); *Majewski v. Southland Corp.,* 170 F.R.D. 25, 27 (D.Kan.1996); *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D.Kan.1995).  Therefore, I cannot say that Judge Garcia's ruling was clearly erroneous or contrary to law.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's Appeal of Magistrate's Decision Re the Case List of Dr. Robert Domush *(Doc. 124)* is **denied**, and the magistrate judge's decision is affirmed.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE