IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BETTY FRANKLIN,

    Plaintiff,

v.                                                      CIV No. 12-1167 KBM/CG

UNITED STATES OF AMERICA

    Defendant.

## ORDER GRANTING PLAINTIFF'S REQUEST FOR REVIEW OF THE CLERK'S ORDER AWARDING COSTS

**THIS MATTER** comes before the Court on Plaintiff's Request for Review of the Clerk's Order Awarding Costs (*Doc. 213*), filed March 13, 2015. On December 9, 2014, this Court entered Final Judgment, following a bench trial, in favor of Defendant and against Plaintiff. *Doc. 206*. Thereafter, on March 6, 2015, the Clerk of this Court entered its Order Settling Costs pursuant to Rule 54(d), awarding Defendant costs in the amount of $8,622.23. *Doc. 212*. Plaintiff now urges the Court to review the Clerk's taxation of costs and to exercise its discretion to deny all or certain costs.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff does not dispute that Defendant was the prevailing party, and Rule 54(d), therefore, creates a presumption that the Defendant shall recover costs. *See Klein v. Grynberg*, 44F.3d 1497, 1506 (10th Cir. 1995). Indeed, the

District Court must provide a "valid reason for not awarding costs to a prevailing party." *Cantrell v. Inter'l Bd. of Elec. Workers*, 69 F.3d 456, 459 (10th Cir. 1995). The Tenth Circuit has reasoned that

> [t]he circumstances in which a district court may properly deny costs to a prevailing party include when (1) the prevailing party is "only partially successful," (2) the prevailing party was "obstructive and acted in bad faith during the course of the litigation," (3) damages are "only normal," (4) the nonprevailing party is indigent, (5) costs are "unreasonably high or unnecessary," or (6) the issues are "close and difficult.

*Debord v. Mercy Health System of Kansas, Inc.,* 737 F.3d 642, 659-60 (10th Cir. 2013).

Here, Plaintiff's counsel insists that Plaintiff is indigent and that an award of costs against her may force her into bankruptcy. *Doc. 213* at 3. More particularly, he represents that Plaintiff is a single, seventy-one-year-old woman in poor health, living on an Indian Reservation in a remote area near Lukachukai, who does not and cannot own her own land, is not employed, lives mainly from her small herd of livestock and some money provided by her daughter, and has no substantial income or significant assets. *Doc. 213* at 3; *Doc. 215* at 1. These representations of counsel are supported by witness testimony that was presented to this Court during the bench trial in this case. Under the circumstances, the Court is satisfied that Plaintiff is indigent and that paying the cost bill would be subject her to an extreme hardship. As a result, the Court will exercise its discretion to deny an award of costs against Plaintiff to Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Request for Review of the Clerk's Order Awarding Costs (*Doc. 213*) is **granted**.

**IT IS FURTHER ORDERED THAT** the Clerk's Order Settling Costs (*Doc. 212*) is hereby **overruled** and each party is ordered to bear their own costs.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent